# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:19-cr-141-T-02AAS

JOSE BENITEZ-VALENCIA
_____/

## O R D E R

Defendant, through counsel, has filed a comprehensive and well-written motion seeking dismissal of Defendant's indictment charging him with illegal reentry after a previous deportation in violation of 8 U.S.C. § 1326(a). After careful consideration of the motion, together with its attachments, the Court concludes that the motion is due to be denied without the need for a response from the Government or an evidentiary hearing.

Counsel presents an extensive argument that because the immigration court that ordered his deportation did not possess subject matter jurisdiction in light of the fact that the original notice to appear did not set forth the date, time, and place of the deportation proceeding, his indictment must be dismissed. Counsel also argues that even though Defendant was orally advised of the time and place of the deportation proceeding by the serving immigration officer,[1] and even though Defendant was personally served by an immigration officer at a later date with a notice advising Defendant of the date, time, and

---

[1] See exhibit 1 to the motion.

place of the deportation proceeding,[2] those events did not act to vest the immigration court with subject matter jurisdiction to order Defendant's removal from the United States. Consequently, defense counsel concludes, relying principally on Pereira v. Sessions, ___ U.S. ___, 138 S.Ct. 2105, 201 L.Ed.2d 433 (2018), that because the deportation order was void, it cannot form the basis of this case and Defendant's indictment must be dismissed.[3]

The Court disagrees with Counsel's argument that the reasoning of Pereira dictates that because Defendant's underlying deportation order was void his indictment is due to be dismissed. The Court instead relies on the persuasive reasoning of the Eleventh Circuit in Molina-Guillen v. U.S. Attorney General, 758 F. App'x 893, 898 (11th Cir. 2019) (unpublished) in which the Court distinguished Pereira and determined that a subsequent supplemental notice to appear supplying the missing information from the original notice to appear with respect to the time and place of the deportation proceeding

---

[2] See exhibit 2 to the motion.

[3] As the Eleventh Circuit has observed, "[f]or purposes of Section 1356, the existence of a deportation order is an adjudicative fact to be proven by the government." United States v. Zelaya, 293 F.3d 1294, 1297 (11th Cir. 2002) (citing United States v. Henry, 111 F.3d 111, 113 (11th Cir. 1997)). As the Zelaya court further noted, "a defendant charged with violating that Section may collaterally challenge the validity of such an order in the criminal proceeding" pursuant to 8 U.S.C. § 1326(d). 293 F.3d at 1297. In this case, however, Defendant's counsel has taken the position that Defendant need not satisfy the elements of § 1326(b) in view of the lack of subject matter jurisdiction on the part of the immigration court to issue Defendant's deportation order. Consequently, the Court need not address whether, in the words of the statute, "(1) the [Defendant] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the [Defendant] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair."

was sufficient to authorize the immigration judge to enter a removal order when the alien failed to appear at that proceeding. The Court is also persuaded that Defendant's efforts to seek dismissal of his indictment must be denied based on the well-reasoned and comprehensive orders entered in United States v. Ramirez-Cruz, 2019 WL 952313 (M.D. Fla. Feb. 27, 2019) and United States v. Garcia, 2019 WL 399612 (M.D. Fla. Jan. 31, 2019) which also rejected Defendant's jurisdictional argument. In denying Defendant's motion, this Court, as did the Court two days ago in United States v. Pineda-Garcia, ___ F.Supp.3d ___, 2019 WL 2203144, at *6 (E.D. Va. May 22, 2019), joins with the other district and circuit courts, cited in that opinion, that have rejected the same jurisdictional argument advanced by Defendant's counsel.

Accordingly, for the reasons expressed, Defendant's Motion to Dismiss (Dkt. 20) is denied.

**DONE AND ORDERED** at Tampa, Florida, on May 24, 2019.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record